**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| KENNETH SCOTT SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No. 06-1271-MLB |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| | ) | |
| Defendant. | ) | |
| WILLIAM KIRKES, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No. 06-1275-MLB |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

In both of these cases an application for attorney's fees under the Equal Access to Justice Act (EAJA) is pending.[1] Defendant does not contest the amount of the fees submitted by plaintiffs but rather disputes the request to have the amount paid directly to counsel. The court held a hearing on this matter on December 3, 2007.[2] For the reasons herein, plaintiffs' application for attorney's fees is granted in part and denied in part.

**Analysis**

---

[1] Case No. 06-1271, Dkt. 22; Case No. 06-1275, Dkt. 17.

[2] At the conclusion of the hearing, plaintiffs' counsel informed the court that he would submit an order in two additional cases in which an application for attorney's fees is also pending, Ibarra v. Astrue, No. 06-1257-MLB and Wallick v. Astrue, No. 06-1346-MLB. In those cases, the plaintiffs have signed an assignment of interest in the EAJA fees. At this time, plaintiffs' counsel has not yet submitted an order.

28 U.S.C. § 2412(d)(1)(A) provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Defendant argues that the plain language of the statute requires the government to award the EAJA fees directly to the prevailing party, i.e., the plaintiff and not the plaintiff's attorney. Plaintiffs concede that the plain language of the statute provides for the award to be made to the prevailing party but argue that the award is not the property of the prevailing party but instead is to satisfy the outstanding obligation owed to counsel. In allowing the funds to be payable to the prevailing party, plaintiffs' counsel states that the funds can be subject to offset for obligations incurred by plaintiffs which has the practical effect of reducing or eliminating counsel's legitimate claim for fees.

This dispute has only recently evolved in this district even though the statutory language has remained consistent for many years. According to the parties, until recently the government would disburse the EAJA fees directly to counsel. Based on a recent internal policy change, the government has begun to disburse funds directly to the plaintiff. This change has resulted in EAJA funds being offset by obligations of the plaintiff, i.e. tax obligations, student loan obligations and child support. In some instances, the plaintiff's counsel has not received compensation due to the offsets.

-2-

While the government acknowledges that the funds are those of counsel and not property of a plaintiff, the government's position is that the statute requires the payment to be made to the plaintiff. The court agrees, albeit with considerable reluctance. The Tenth Circuit and the United States Supreme Court have consistently held that the language "prevailing party" means that the fee is payable to the plaintiff and not the plaintiff's counsel. See Venegas v. Mitchell, 495 U.S. 82, 87, 110 S. Ct. 1679 (1990); McGraw v. Barnhart, 450 F.3d 493, 497-498 (10th Cir. 2006); Collins v. Romer, 962 F.2d 1508, 1516 (10th Cir. 1992).

In McGraw, the court gave the following explanation regarding attorney's fees in social security cases:

> Attorneys handling Social Security proceedings in court may seek fees for their work under both the EAJA and the SSA. "EAJA fees and fees available under § 406 are two different kinds of fees that must be separately awarded." Frazier v. Apfel, 240 F.3d 1284, 1286 (10th Cir. 2001). There are several differences between the two types of fees. For example, EAJA fees are awarded based on a statutory maximum hourly rate, while SSA fees are based on reasonableness, with a maximum of twenty-five percent of claimant's past-due benefits. See id.; 28 U.S.C. § 2412(d)(2)(A); 42 U.S.C. § 406(b)(1). Also, "[f]ees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits, while fees under the EAJA penalize the [Commissioner] for assuming an unjustified legal position and, accordingly, are paid out of agency funds." Orner v. Shalala, 30 F.3d 1307, 1309 (10th Cir.1994). In that vein, an EAJA award is to the claimant, while counsel receives an SSA award. See 28 U.S.C. § 2412(d)(1)(A) (making award to "a prevailing party"); 42 U.S.C. § 406(b)(1) (providing for attorney's payment of approved fee out of past-due benefits).

450 F.3d at 497.

Although the Tenth Circuit in McGraw was not facing the current issue before this court, the issue is currently pending before that

court in Manning v. Astrue, No. 06-7127. This court declines to await the decision in that case, believing that the Tenth Circuit is unlikely to alter its existing precedent relating to this issue and given the recent decisions which concur with the language in McGraw. Recent decisions support the conclusion that the statutory language prevails (regardless of the unfortunate potential for offset) and the EAJA fees must be payable to the claimant. See Phillips v. General Servs. Admin., 924 F.2d 1577, 1582 (Fed. Cir. 1991); Panola Land Buying Ass'n v. Clark, 844 F.2d 1506, 1510-12 (11th Cir. 1988); McCarty v. Astrue, 505 F. Supp.2d 624 (N. D. Cal. 2007); Reeves v. Barnhart, 473 F. Supp.2d 1173, 1176 (M. D. Ala. 2007); Simioneau v. Astrue, No. 06-1176, 2007 WL 2994062 (D. Kan. Oct. 11, 2007); Williams v. Astrue, No. 06-4027, 2007 WL 2582177, *3 (D. Kan. Aug. 28, 2007); Smith v. Astrue, No. 06-1135 (D. Kan. July 30, 2007); Dewey v. Astrue, No. 03-1385, 2007 WL 2013599 (D. Kan. July 09, 2007).

Although the court sympathizes with plaintiffs' counsel, it cannot make a ruling that would be contrary to the language of the statute without any supporting authority of the Tenth Circuit or other courts in this District.

## Conclusion

Based upon the precedent of the Tenth Circuit and this court, the court shall order that the award for attorneys' fees pursuant to 28 U.S.C. § 2412(d)(1)(A) be made payable to plaintiffs, not to plaintiffs' counsel. Accordingly, plaintiffs' motions for attorneys'

fees is granted in part and is denied in part.[3]

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged.  The standards governing motions to reconsider are well established.  A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence.  Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992).  Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

IT IS SO ORDERED.

Dated this   12th   day of December 2007, at Wichita, Kansas.

s/ Monti Belot

Monti L. Belot

UNITED STATES DISTRICT JUDGE

---

[3] Case No. 06-1271, Dkt. 22; Case No. 06-1275, Dkt. 17.